PEOPLE, *for use of* VERMONT MARBLE CO., *v.* BOLLIN.

TRIAL—CONTRACT—DIRECTED VERDICT ERRONEOUS WHERE QUESTIONS OF FACT INVOLVED.

> Where, in materialman's action against the surety on a contractor's bond, testimony tending to show that when defendant assumed control of the job, after the contractor defaulted, the plaintiff agreed to charge no interest on amounts withheld by the contractor after they became due, although under its contract it was entitled to same, was corroborated by other evidence, whether plaintiff was entitled to any interest, and if so, how much, were questions of fact for the jury, and therefore the trial judge was in error in directing a verdict for plaintiff for the full amount of its claim, including interest.

Error to Wayne; Dunham (Major L.), J., presiding. Submitted April 6, 1928. (Docket No. 56.) Decided June 4, 1928.

Assumpsit by the people of the State of Michigan, for the use and benefit of the Vermont Marble Company, against Emil J. Bollin, doing business as the John Bollin Company, and the Southern Surety Company on a statutory bond. Judgment for plaintiff. Defendant surety company brings error. Reversed.

*Monaghan, Crowley, Reilley & Kellogg,* for appellant.

*Wetherbee & Wetherbee (Campbell, Bulkley & Ledyard,* of counsel), for appellee.

CLARK, J. Plaintiff Vermont Marble Company furnished material for erecting the James Scott water fountain on Belle Isle to defendant Emil J. Bollin, trading as John Bollin Company, principal contractor with

---

Trial, 38 Cyc. p. 1575.

the city of Detroit. The defendant Southern Surety Company was surety on the construction bond and also on the statutory bond for the protection of those furnishing material and labor on the job. The city was to make payment to the principal contractor on architect's certificates of progress of the work furnished from time to time, and such contractor agreed that when he received a payment from the city he would immediately pay to plaintiff its portion applicable on material furnished. There is some evidence that the principal contractor withheld from plaintiff from time to time sums due it upon such certificates and from payments made by the city. The sums so withheld were to draw interest under a fair construction of the contract. When the aggregate of the sums withheld was a large amount, the principal contractor defaulted under its contract with the city and the defendant surety company then conferred with those interested, including plaintiff, and decided to accept responsibility and to complete the job. In this regard there is evidence tending to show an understanding between the parties hereto that no interest on the amounts then due plaintiff would be charged. This evidence is strongly corroborated by the subsequent conduct of plaintiff, especially sending a number of statements of account in which no interest charge appears. When the job was completed defendant surety company concededly owed plaintiff $2,000, but plaintiff contends for the further sum of nearly $2,700 interest. On motion, a verdict was directed for plaintiff for the full amount and judgment entered thereon. Defendant surety brings error.

The judgment must be reversed. Whether plaintiff was entitled to any interest and if so, how much, were, as above indicated, questions of fact for the jury.

That it is upon plaintiff, under section 14830, 3

Comp. Laws 1915, that it may recover, to prove full payment to its laborers and materialmen, is, because of the extensive oral argument in this court, not likely to arise again and is therefore passed.

Judgment reversed.    New trial granted.    Costs to appellant.

FEAD, C. J., and NORTH, FELLOWS, WIEST, MCDONALD, POTTER, and SHARPE, JJ., concurred.